124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Melvin REED, Plaintiff-Appellant,
v.
KENTUCKY FRIED CHICKEN/MARCUS CORPORATION, Defendant-Appellee.
 No. 96-3811.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1997.*
Decided June 30, 1997.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 95-C-623; J.P. Stadtmueller, Chief Judge.
 Before POSNER, CUMMINGS, and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Melvin Reed appeals the district court's grant of summary judgment to Kentucky Fried Chicken ("KFC") on his Title VII retaliation claim. We affirm.
 
 
 2
 On January 26, 1993, Reed, an African-American, commenced employment with KFC as a manager/trainee at its College Avenue restaurant in Milwaukee, Wisconsin ("CAKFC"). KFC's training system requires trainees to take the initiative, a "hands-on approach," in developing their skills. Reed's training was overseen by Bryce Hass, KFC's training director for its Wisconsin restaurants, and Jeff Srnec, manager of the CAKFC. Bonnie Wozniak, a co-worker, assisted in Reed's training in food preparation. Each trainee was required to become certified in several different areas of food preparation and service.
 
 
 3
 Reed was certified on his first day of employment in "[i]ntroductory [t]raining." Frustrated by his lack of progress in becoming certified in other areas, Reed approached Hass and Srnec to discuss his training on January 31, at which time he expressed his view that he should be trained differently. They reminded Reed that KFC's training system was self-driven, and discussed his lack of initiative and progress to date.
 
 
 4
 On February 2, Reed again stated to Hass and Srnec that he did not agree with KFC's training methodology. He expressed disagreement with the manner in which the CAKFC was being operated, such as its cleaning procedures, and the lack of a team atmosphere.
 
 
 5
 Reed continually complained about having to practice his food preparation skills. Reed refused to pick up his pace during peak hours, walking around the store in slow deliberate steps. Once, when he was asked to handle two responsibilities simultaneously, he responded with a disrespectful tone that he could perform only one task at a time. He also was unable perform particular duties within the required time frames. For example, he could not pack mashed potatoes into large cups before the food lost its required serving temperature. On another occasion, Reed refused an assistant manager's request to make 100 pounds of coleslaw, stating that he would prepare only 50 pounds.
 
 
 6
 On February 4, Hass went to the CAKFC to follow up on Reed's progress. Hass found that Reed had only been certified in one additional food item, coleslaw preparation, far short of the normal progress rate of eight items of certification in two days. At the end of the day, around 7:00 p.m., Hass told Reed, "let's go certify you on mashed potatoes." Reed responded in a very sarcastic tone, "you people had all day to certify me .... how come you want to do it now? I've worked my 10 hours. I have to leave now, do you have problem with that?" Reed told Hass that he had to prepare for a hearing the next day in a " 'discrimination' case where [he] was the [plaintiff] in a civil rights matter." The next day, after consideration of Reed's lack of progress and his complaints about the CAKFC's operation, Hass terminated Reed's employment. Reed then filed a pro se Title VII complaint, alleging that he had been discharged in retaliation for filing a discrimination complaint against a former employer. KFC then filed a motion for summary judgment. The district court granted the motion, and Reed appeals.
 
 
 7
 We review the district court's grant of summary judgment de novo. Sybron Transition Corp. v. Security Ins. Co. of Hartford, 107 F.3d 1250, 1254 (7th Cir.1997). Summary judgment is proper when the record, viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." Weiler v. Household Finance Corp., 101 F.3d 519, 523 (7th Cir.1996).
 
 
 8
 A Title VII plaintiff alleging retaliation must establish that (1) he participated in statutorily protected expression; (2) he suffered an adverse employment action by his employer; and (3) there is a causal connection between his protected activity and the adverse action. McClendon v. Indiana Sugars, Inc., 108 F.3d 789, 796 (7th Cir.1997). Because Reed's employment termination followed "on the heels" of his announcement that he was the plaintiff in a civil rights "discrimination" case, KFC concedes that Reed has established a prima facie case of retaliatory discharge under Title VII. See id. at 796-97.
 
 
 9
 KFC responds to Reed's prima facie case by articulating a legitimate non-discriminatory reason for Reed's discharge, i.e., that Reed was terminated because of his poor progress and his disagreements with the CAKFC's operations. See. id. at 797. Reed, of course, must show that the reasons posited by KFC for his employment termination are pretextual. See id. Here, Reed has failed because the little evidence he offers, including his brief affidavit, does not contradict KFC's articulated legitimate non-discriminatory reasons for his discharge. His reply brief essentially admits as much when he states that he "was not aware that each issue in the affidavits must be refuted." AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)